IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERRY BRIGGS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-25-4098 |
| | * | |
| STEVEN C. WESTON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

<u>**MEMORANDUM OPINION**</u>

Plaintiff Jerry Briggs ("Plaintiff") seeks leave to file an Amended Complaint. ECF 28. Defendant Kathleen Weston ("Ms. Weston") opposed the motion, arguing futility. ECF 29. Plaintiff has filed a reply, ECF 30.  For the reasons stated herein, Plaintiff's motion to amend will be granted, without prejudice to Ms. Weston's ability to renew her substantive arguments in a motion to dismiss.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

1

Ms. Weston argues that the proposed amendment would be futile because the proposed amended complaint fails to state a claim. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 Arthur R. Miller et al., Federal Practice and Procedure § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve 'an evaluation of the underlying merits of the case.'" *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013)). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (alteration in original) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), *cert. dismissed*, 448 U.S. 911 (1980))). This Court has discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

In sum, it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

Plaintiff asserts a single unjust enrichment claim against Ms. Weston in a proposed amended complaint alleging malfeasance by her ex-husband, Steven C. Weston. ECF 28-1. Ms. Weston contends that Plaintiff "pled himself out of his claim" by alleging facts showing that Ms. Weston is a bona fide transferee for value, as she obtained the disputed proceeds via a marital property settlement agreement. ECF 29 at 6. Bona fide purchaser status is an affirmative defense to an unjust enrichment claim. *Lacks v. Ultragenyx Pharm., Inc.,* 734 F. Supp. 3d 397, 419 (D. Md. 2024). And affirmative defenses can be resolved at the Rule 12(b)(6) motion to dismiss stage where "all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

However, this Court concludes that Ms. Weston's position stretches the bounds of "clearly insufficient or frivolous" too far. Without reaching the disputed question of whether the proposed amended complaint contains all facts necessary to establish her status as a bona fide transferee for value, its allegations cannot fairly be described as "clearly insufficient or frivolous on its face." Futility therefore does not provide a basis for its dismissal.

Accordingly, this Court will grant leave to amend and permit Plaintiff to file ECF 28-1 as his Amended Complaint. Ms. Weston, of course, is free to refile her futility arguments (and her

argument regarding joint and several liability) for this Court's substantive consideration under the Rule 12(b)(6) standard. Though this procedure is somewhat lacking in efficiency, allowing Plaintiff's amendment will not prejudice Ms. Weston and will produce the cleanest record for the parties to proceed with this case.

A separate Order follows, which will (1) grant ECF 28 and (2) direct the Clerk to file ECF 28-1 as the Amended Complaint.

Dated: July 6, 2026

_____/s/_____

Stephanie A. Gallagher
United States District Judge

4